Filed 12/29/22  In re D.E. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re D.E., a Person Coming Under the Juvenile Court Law. | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TOMMY E. et al.,<br><br>Defendants and Appellants. | F084874<br><br>(Super. Ct. No. JD142427-00)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Christie Canales Norris, Judge.

Jacob I. Olson, under appointment by the Court of Appeal, for Defendant and Appellant Tommy E.

Shaylah Padgett-Weibel, under appointment by the Court of Appeal, for Defendant and Appellant Brittany M.

Margo A. Raison, County Counsel, and Alexandria M. Ottoman, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Poochigian, J. and Detjen, J.

Brittany M. (mother) appeals the juvenile court's order terminating her parental rights to her now two-year-old daughter, D.E., pursuant to Welfare and Institutions Code section 366.26.[1] Her sole contention on appeal is the juvenile court and the Kern County Department of Human Services (department) failed to comply with the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA) and related California law because the department failed to inquire of extended family members whether D.E. has Indian ancestry.[2] D.E.'s father, Tommy E., joins. The department concedes the error. We accept the department's concession and conditionally reverse the juvenile court's finding that ICWA does not apply and remand for full compliance with ICWA.

## PROCEDURAL AND FACTUAL SUMMARY

Dependency proceedings were initiated in August 2021 after then 14-month-old D.E. tested positive for methamphetamine. Mother had taken her to the emergency room because she was fussy. Mother was arrested at the hospital for child endangerment, possession of methamphetamine and being under the influence of a controlled substance. D.E. was taken into protective custody by the department and placed in foster care.

Over the several days following D.E.'s removal, Denise M., D.E.'s maternal grandmother, and Tommy spoke to a social worker regarding D.E. and were asked whether the family had Indian heritage. Denise stated there was none on her side and she did not think there was any on the paternal grandfather's side because he was of Mexican and German descent. Tommy also denied any Indian heritage. His mother is deceased and his father was incarcerated. He was living with his paternal aunt, Stephanie, and asked if she could have legal guardianship. Mary E., the paternal great-grandmother, also

---

[1] Statutory references are to the Welfare and Institutions Code.

[2] "[B]ecause ICWA uses the term 'Indian,' we do the same for consistency, even though we recognize that other terms, such as 'Native American' or 'indigenous,' are preferred by many." (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1 (*Benjamin M.*) .)

spoke to the social worker. There is no mention in the record that she was asked about Indian heritage.

The department filed an original dependency petition, alleging D.E. was a minor described under section 300 based on mother's substance abuse.

On September 1, 2021, mother filed a Parental Notification of Indian Status form (ICWA-020), stating she had no Indian ancestry. At the detention hearing that same day, the juvenile court acknowledged mother's ICWA-020. The court elevated Tommy to presumed father status and based on his conversation with the social worker found ICWA did not apply.

In October 2021, the juvenile court adjudged D.E. a dependent child as alleged in the petition, ordered her removed from parental custody and provided the parents reunification services until the six-month review hearing in April 2022. At that time, the court terminated reunification efforts and set a section 366.26 hearing to implement a permanent plan of adoption.

On August 4, 2022, Tommy filed a modification petition under section 388 (section 388 petition), asking the juvenile court to place D.E. in his custody with family maintenance services or provide him an additional six months of services. He explained that he was incarcerated during the reunification period and unable to participate in services. Providing him services would allow D.E. to develop a bond with him.

A hearing on Tommy's section 388 petition was set to be heard on August 12, 2022, the date set for the section 366.26 hearing.

In its report for the section 366.26 hearing, the department recommended the juvenile court terminate parental rights and free D.E. for adoption. Regarding ICWA, the department reported it had not received any new information regarding the family's Indian ancestry since the juvenile court found ICWA did not apply at the detention hearing.

3.

On August 16, 2022, the juvenile court denied Tommy's section 388 petition and terminated parental rights.

## DISCUSSION

### I. ICWA

Congress enacted ICWA " 'to protect the best interests of Indian children and to promote the stability and security of Indian tribes and families by the establishment of minimum Federal standards for the removal of Indian children from their families and the placement of such children in foster or adoptive homes which will reflect the unique values of Indian culture .…' " (*In re Isaiah W.* (2016) 1 Cal.5th 1, 7–8.) Both ICWA and state law define an " 'Indian child' " as "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4); § 224.1, subd. (a) [adopting federal definition].)

"Because it typically is not self-evident whether a child is an Indian child, both federal and state law mandate certain inquiries to be made in each case. These requirements are sometimes collectively referred to as the duty of initial inquiry." (*Benjamin M.*, *supra*, 70 Cal.App.5th at p. 741.)

Federal regulations implementing ICWA require courts to ask participants in a dependency case whether they know or have reason to know the child is an Indian child and to instruct the parties to inform the court " 'if they subsequently receive information that provides reason to know the child is an Indian child.' " (*Benjamin M.*, *supra*, 70 Cal.App.5th at p. 741.)

California law, however, "more broadly imposes on [the department] and [the] juvenile court[] (but not parents) an 'affirmative and continuing duty to inquire' whether a child in the dependency proceeding 'is or may be an Indian child.' " (*Benjamin M.*, *supra*, 70 Cal.App.5th at pp. 741–742, quoting § 224.2, subd. (a).) That duty to inquire "begins with [the] initial contact … and obligates the juvenile court and [the department]

4.

to ask all relevant involved individuals whether the child may be an Indian child." (*In re T.G.* (2020) 58 Cal.App.5th 275, 290, citing § 224.2, subds. (a)–(c).)

Under the statute, when the department takes a child into its temporary custody, its duty of initial inquiry "includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child …." (§ 224.2, subd. (b).) Extended family members include adults who are the child's stepparents, grandparents, siblings, brothers- or sisters-in-law, aunts, uncles, nieces, nephews, and first or second cousins. (25 U.S.C. § 1903(2); § 224.1, subd. (c).)

The juvenile court, in turn, at a party's first appearance, must ask "each participant present in the hearing whether the participant knows or has reason to know that the child is an Indian child" (§ 224.2, subd. (c)) and require each party to complete an ICWA-020 form (Cal. Rules of Court, rule 5.481(a)(2)(C)).[3] "The parties are instructed to inform the court 'if they subsequently receive information that provides reason to know the child is an Indian child.' (25 C.F.R. § 23.107(a) (2020); § 224.2, subd. (c).)" (*In re D.F.* (2020) 55 Cal.App.5th 558, 566.)

If that initial inquiry gives the juvenile court or department a "reason to believe that an Indian child is involved," then their duty to "make further inquiry regarding the possible Indian status of the child" is triggered. (§ 224.2, subd. (e).) And, once there is a "reason to know" an Indian child is involved, formal notice under ICWA must be given to the child's "parents or legal guardian, Indian custodian, if any, and the child's tribe." (§ 224.3, subd. (a); rule 5.481(c)(1); 25 U.S.C. § 1912(a).)

Additionally, the department is required by the rules to document its inquiries. Rule 5.481(a)(5) provides, "The petitioner must on an ongoing basis include in its filings a detailed description of all inquiries, and further inquiries it has undertaken, and all

---

**3**     All further rule references are to the California Rules of Court.

information received pertaining to the child's Indian status, as well as evidence of how and when this information was provided to the relevant tribes. Whenever new information is received, that information must be expeditiously provided to the tribes."

The juvenile court may find ICWA does not apply to a child's proceeding if it finds the department's duty of inquiry has been satisfied and there is no reason to know that the child is an Indian child. (§ 224.2, subd. (i)(2); rule 5.481(b)(3)(A).) The juvenile court's finding that ICWA does not apply thus " ' "implies that … social workers and the court did not know or have a reason to know the children were Indian children and that social workers had fulfilled their duty of inquiry." [Citations.]' " (*In re Josiah T.* (2021) 71 Cal.App.5th 388, 401.)

Social workers have no duty under federal law to ask extended family members about possible tribal membership. (*In re A.C.* (2021) 65 Cal.App.5th 1060, 1069.) The error, if any, is an error of state law. (*Ibid.*)

## II.     Standard of Review

As recently set forth in our decision in *K.H.*, "[t]he juvenile court's finding that ICWA does not apply to the proceeding rests on two elemental determinations, 'subject to reversal based on sufficiency of the evidence.' (§ 224.2, subd. (i)(2).) The court must find there is 'no reason to know whether the child is an Indian child,' which is dependent upon whether any of the six circumstances set forth in subdivision (d) of section 224.2 apply. [Citation.] This inquiry is essentially factual and, therefore, is reviewed for substantial evidence. [Citations.] Under this standard, 'a reviewing court should "not reweigh the evidence, evaluate the credibility of witnesses, or resolve evidentiary conflicts." [Citation.] The determinations should "be upheld if … supported by substantial evidence, even though substantial evidence to the contrary also exists and the trial court might have reached a different result had it believed other evidence." ' [Citations.] The standard recognizes that '[t]rial courts "generally are in a better position to evaluate and weigh the evidence" than appellate courts' [citation], and 'an appellate

court should accept a trial court's factual findings if they are reasonable and supported by substantial evidence in the record' [citation]. '[I]f a court holds an evidentiary hearing, it may make credibility determinations, to which an appellate court would generally defer.' " (*In re K.H.* (2022) 84 Cal.App.5th 566, 601 (*K.H.*).)

"The juvenile court must also find a 'proper and adequate further inquiry and due diligence .…' (§ 224.2, subd. (i)(2).) While we review the court's factual findings on the second element for substantial evidence as well, we agree with [*In re*] *Ezequiel G.* [(2022) 81 Cal.App.5th 984] that, consistent with the reasoning in [*In re*] *Caden C.* [(2021) 11 Cal.5th 614], a hybrid standard of review is appropriate. (*Ezequiel G.*, *supra*, 81 Cal.App.5th at pp. 1004–1005.) The inquiry is ultimately discretionary because it requires the juvenile court to 'engage in a delicate balancing of' various factors in assessing whether the agency's inquiry was proper and adequate within the context of ICWA and California law, and whether the agency acted with due diligence." (*K.H.*, *supra*, 84 Cal.App.5th at p. 601.)

" 'Review for abuse of discretion is subtly different [from review for substantial evidence], focused not primarily on the evidence but the application of a legal standard. A court abuses its discretion only when " ' "the trial court has exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination." ' " [Citation.] But " ' "[w]hen two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court" ' " [Citations.] [¶] While each standard here fits a distinct type of determination under review, the practical difference between the standards is not likely to be very pronounced.' " (*K.H.*, *supra*, 84 Cal.App.5th at p. 602.)

"Review of the juvenile court's findings under the foregoing standards is deferential, but ' "an appellate court [nevertheless] exercises its independent judgment to determine whether the facts satisfy the rule of law." ' [Citations.] Where the material facts are undisputed, courts have applied independent review to determine whether

ICWA's requirements were satisfied. [Citations.] In this case, because we are confronted with an undeveloped record, the outcome is the same irrespective of the standards of review applied." (*K.H.*, *supra*, 84 Cal.App.5th at p. 602.)

## III. The Department Failed to Conduct an Adequate Initial Inquiry and the Juvenile Court Erred in Finding ICWA Did Not Apply

Pursuant to its duty under section 224.2, the juvenile court through the department had mother complete an ICWA-020 for the purpose of determining whether she had any Indian heritage. She indicated that she did not. Tommy did not submit an ICWA-020, either because he was not provided one or did not complete and submit it. Nevertheless, he told the social worker that he did not have any Indian ancestry and his response was documented in the department's detention report filed with the court. At the detention hearing, the court acknowledged mother's completed ICWA-020 and the parents' denial of Indian ancestry. Based on their responses, the court found ICWA did not apply.

The duty of inquiry, however, did not end with asking the parents whether D.E. is or may be an Indian child. The department was also required under section 224.2, subdivision (b) to ask extended family members. Extended family members include adults who are the child's stepparents, grandparents, siblings, brothers- or sisters-in-law, aunts, uncles, nieces, nephews, and first or second cousins. (25 U.S.C. § 1903(2); 224.1, subd. (c).) Although the social worker did ask the maternal grandmother about the family's Indian heritage, there were at least two relatives identified and accessible that the social worker did not ask. There were also 56 relatives the department identified and notified by mail that D.E. was in its temporary custody. (§ 309, subd. (e)(1).) Nothing in the record indicates that any of the extended family members among those relatives were asked whether the family had Indian heritage.

Under the circumstances, we conclude the department did not fulfill its statutory duty of inquiry. (§ 224.2, subd. (b).) As a result, the juvenile court's finding that ICWA did not apply was not supported by substantial evidence that the department conducted an

8.

adequate, proper, and duly diligent inquiry, and its contrary conclusion was an abuse of discretion.

## DISPOSITION

The juvenile court's finding that ICWA does not apply is conditionally reversed, and the matter is remanded to the juvenile court with directions to order the department to comply with the inquiry and documentation provisions set forth in section 224.2, subdivision (b) and rule 5.481(a)(5).  If, after determining that an adequate inquiry was made consistent with the reasoning in this opinion, the court finds that ICWA applies, the court shall vacate its existing order and proceed in compliance with ICWA and related California law.  If the court instead finds that ICWA does not apply, its ICWA finding shall be reinstated.  In all other respects, the court's order terminating parental rights is affirmed.